IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO FIGUEROA | : | CRIMINAL |
| | : | NO. 94-321 |
| v. | : | NO. 97-94 |
| | : | |
| UNITED STATES OF AMERICA | : | |

O'NEILL, J.                                                                                   May 17, 2016

## **MEMORANDUM**

Pro se petitioner Julio Figueroa[1] brings this petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 challenging two prior federal felony drug convictions that were used to enhance his current sentence on a third federal felony drug conviction. Presently before me are Figueroa's petition (Dkt. No. 116),[2] the government's response (Dkt. No. 125), Figueroa's reply (Dkt. No. 128) and Figueroa's notice of supplemental authorities (Dkt. No. 129). For the reasons that follow, I will deny Figueroa's petition.

Figueroa is currently incarcerated on a 30 year sentence stemming from his guilty plea in 2007 to various drug violations under 21 U.S.C. §§ 846, 856(a)(1) and 841(a)(1). The Court of Appeals affirmed that conviction and sentence. Figueroa timely challenged his sentence under 28 U.S.C. § 2255 and his § 2255 motion was denied on January 10, 2013.

Figueroa was also convicted of two drug violations in 1994 and 1997 pursuant to 21 U.S.C. §§ 846 and 841(a)(1) and served sentences for those violations. At present, he is incarcerated only on the sentence imposed arising from his 2007 guilty plea. Figueroa was

---

[1] Because petitioner is proceeding pro se, I "must liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

[2] For ease of reference, citations to docket entries in this Memorandum will be to documents docketed in Figueroa's 1994 criminal case, No. 94-321; the parties have filed identical documents in his 1997 criminal case, No. 97-94, at Dkt. Nos. 19, 28, 31 and 32.

considered a career offender under U.S.S.G. § 4B1.1(a) when his current sentence was imposed. Having failed in his attack on his current sentence in a § 2255 petition, Figueroa now seeks coram nobis relief to challenge the convictions from 1994 and 1997 which enhanced his current sentence. I previously denied the government's procedural objections to Figueroa's petition.

The writ of error coram nobis is a remedy available under the All Writs Act, 28 U.S.C. § 1651(a). United States v. Morgan, 346 U.S. 502, 511 (1954). It is an extraordinary remedy that may be used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of 28 U.S.C. § 2255.[3] See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011). The writ may "correct errors for which there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier." United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989).

"Only where there are errors of fact of 'the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid' . . . can redress be had." United States v. Cariola, 323 F.2d 180, 184 (3d Cir. 1963), quoting United States v. Mayer, 235 U.S. 55, 69 (1914). "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." Morgan, 346 U.S. at 511. Any proceeding that a coram nobis petitioner challenges "is presumed to be correct and the burden rests on its assailant to show otherwise." Cariola, 323 F.2d at 184. Thus, the standard for receiving coram nobis relief "is more stringent than that applicable on direct appeal or in habeas corpus." Rhines, 640 F.3d at 71.

---

[3] I previously found that Figueroa is not "in custody" on his 1994 and 1997 convictions and that coram nobis is therefore the proper procedural avenue for Figueroa to challenge those convictions. See Dkt. No. 124 at ECF p. 3.

2

Figueroa argues that he is entitled to coram nobis relief because the Supreme Court has made a substantive change to 21 U.S.C. § 841(b) since the time of his earlier convictions "which makes it clear that the acts [he] was previously convicted of . . . are not within the reach [of] the penalty ranges [he] was sentenced under." Dkt. No. 116 at ECF p. 9. He contends that this change in the law renders his previous convictions "under the elements in 21 U.S.C. §§ 846 and 841(a)(1) alone, null and void, as a matter of statutory construction." Id. Figueroa claims that as a result of his 1994 and 1997 felony drug convictions, the sentence he is currently serving was enhanced and he therefore "receive[d] a heavier penalty than [he] would otherwise be subjected to." Id. at ECF p. 4-5. Figueroa maintains that his attorneys provided him with ineffective assistance of counsel due to this change in the law. Id. at ECF p. 4.

Figueroa argues that in Burrage v. United States, 134 S. Ct. 881 (2014), the Supreme Court announced a new substantive rule and provided an "authoritative statement . . . of what the elements in 21 U.S.C. §§ 846 and 841(a)(1) are." Id. at ECF p. 7 (internal quotation marks omitted). He maintains that in Burrage, the Supreme Court "reinterpreted the elements of 21 U.S.C. §§ 846 and 841(a)(1) . . . to require aggravating facts, in order to establish an aggravated crime." Id. at ECF p. 12. He argues that all parties involved in his cases "relied on [a] misinterpretation of 21 U.S.C. § 841(b), being only a statute full of sentencing factors, and not elements of . . . offenses." Id. at ECF p. 9. Thus, Figueroa contends that Burrage stands for the proposition that drug type in 21 U.S.C. § 841(b) is an element that must be proven by the government beyond a reasonable doubt. Id. at ECF p. 7, 10-11. Figueroa argues that this rule is retroactive and that therefore "this Court is required to correct the status of [his] prior convictions to indicate the 'default' or 'catchall' provision at 21 U.S.C. § 841(b)(3)." Id. at ECF p. 10-13; see Dkt. No. 129 at ECF p. 1-2.

However, in Burrage, the Supreme Court considered the appropriate causation standard when applying the Controlled Substances Act's 20-year mandatory minimum sentence for a defendant's distribution of a Schedule I or II drug when "death or serious bodily injury results from the use of such substance." 134 S. Ct. at 885.  Before analyzing causation, the Supreme Court noted that "[b]ecause the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." Id. at 887.  The Supreme Court ultimately held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." Id. at 892.

The government contends that "Figueroa appears to be relying" on two Supreme Court decisions cited in Burrage — Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 133 S. Ct. 2151 (2013) — rather than on Burrage itself.  Dkt. No. 125 at ECF p. 10-12.  In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.  In an extension of Apprendi, the Supreme Court in Alleyne later held that "[a]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155.

The government notes that because neither of these decisions had been issued at the time of Figueroa's 1994 and 1997 convictions, "it appears that Figueroa seeks to have Apprendi applied retroactively as a means to invalidate his convictions." Dkt. No. 125 at ECF p. 10.  The Court of Appeals has interpreted both the decisions in Apprendi and Alleyne to address new

4

rules of criminal procedure that do not apply retroactively.[4]  See United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003) ("[W]e hold that Apprendi does not apply retroactively to cases on collateral review."); United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014), cert. denied, 135 S. Ct. 695 (2014) ("[W]hile Alleyne set out a new rule of law, it is not retroactively applicable to cases on collateral review.").

Figueroa insists that he does not rely on Apprendi, that he reads Burrage to be the relevant case for his petition and that Burrage should retroactively apply to his 1994 and 1997 convictions.  Dkt. No. 128 at ECF p. 2-3.  However, the Supreme Court's causation analysis and narrow holding in Burrage does not apply to Figueroa's earlier convictions, as they did not involve the "death results" enhancement.  Additionally, the broader and more relevant holdings in Apprendi and Alleyne can have no retroactive effect on his earlier convictions.

Figueroa's argument that ineffective assistance of counsel in his prior cases caused his previous convictions to suffer from a "fundamental defect" is similarly without merit.  A criminal defendant's constitutional right to counsel entitles that defendant to "reasonably effective assistance" of counsel.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  A claim for ineffective assistance of counsel has two components: a party "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  Id.

Figueroa contends that his attorneys were ineffective for failing to:

> explain to me then, that in order for this Court to sentence me — in both 1995 and 1998 — beyond the default or catch-all statutory maximum penalty ranges in 21 U.S.C. § 841(b)(3)[,] I would either have to knowingly, voluntarily intentionally waive my

---

[4] The government notes that although Apprendi has been applied retroactively to cases that were not yet final when Apprendi was decided, Figueroa's 1994 and 1997 convictions were both finalized years before Apprendi was issued. Dkt. No. 125 at ECF p. 3, 12; see United States v. Barbosa, 271 F.3d 438, 453 (3d Cir. 2001) (finding that Apprendi applied retroactively where the defendant's "direct appeal was pending at the time the Court decided Apprendi").

5

> constitutional and statutory rights to have a jury determine the drug type, or the jury would have to have made such [a] determination — beyond a reasonable doubt — at trial.

Dkt. No. 116 at ECF p. 13-14.  He also argues that his counsel were ineffective because "they failed to object to this court's sentencing" him outside of 21 U.S.C. § 841(b)(3) and that this "exposed [him] to more jail time than [he] would have been otherwise exposed to, absent the errors." Id. at ECF p. 14.  However, as the government notes, Figueroa's attorneys cannot have been ineffective for failing to inform him of his procedural rights or failing to object to his sentencing under principles that the Supreme Court had not yet announced.  See Dkt. No. 125 at ECF p. 16, citing Anderson v. United States, 393 F.3d 749, 754 (8th Cir. 2005) (finding that an attorney's failure to make an Apprendi argument in an opening brief on direct appeal before Apprendi had been decided did "not render his performance constitutionally ineffective" when the argument was "wholly novel" before the decision was issued).

      Figueroa has failed to present any reason to grant extraordinary coram nobis relief. Therefore, Figueroa's petition will be denied.

      An appropriate Order follows.